UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY JOHNSON,

Plaintiff,

v.

ATHINA SIRINGAS,

Defendant.

Case No. 22-cv-11155

U.S. District Court Judge
Gershwin A. Drain

_____/

**OPINION AND ORDER (1) DENYING THE APPLICATION TO
PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS (ECF No. 14),
(2) DISMISSING WITHOUT PREJUDICE THE CIVIL RIGHTS
COMPLAINT (ECF No. 13), AND (3) DENYING MOTION TO APPOINT
COUNSEL (ECF No. 2) AND MOTION TO REVIEW PRISONER'S TRUST
ACCOUNT ACTIVITY (ECF No. 5) AS MOOT**

On May 16, 2022, Michigan prisoner Gregory Johnson filed a *pro se* pleading

with the Court labeled "Rule 60(b)(3) Motion Fraud on the Court." ECF No. 1. In

that pleading, Johnson claimed that assisting prosecuting attorney Athina Siringas

committed fraud on the state trial court during his criminal proceedings by

introducing inadmissible evidence. *Id*. at PageID.2. But Johnson did not indicate

whether he intended to file a prisoner civil rights complaint pursuant to 42 U.S.C. §

1983 and obtain damages or a petition for a writ of habeas corpus pursuant to 28

1

U.S.C. § 2254 and obtain resentencing or his release.  As such, on October 11, 2022, the Court ordered Johnson to correct this deficiency by clarifying his pleading.  ECF No. 12.

On October 25, 2022, Johnson filed an amended *pro se* civil rights complaint under 42 U.S.C. § 1983 (ECF No. 13) and an application to proceed without prepayment of fees or costs (ECF No. 14).  *See* 28 U.S.C. § 1915(a)(1).  The Amended Complaint maintains that Ms. Siringas violated Johnson's due process rights under the Fourteenth Amendment during his 2004 jury trial.  Because Johnson fails to establish the "imminent danger" exception to the "three strikes" provision of the Prison Litigation Reform Act of 1996 (the "PLRA"), the Court will deny his application to proceed without prepayment of fees and costs and dismiss the action without prejudice.

## DISCUSSION

Under the Prison Litigation Reform Act of 1996 ("PLRA"), a prisoner may be precluded from proceeding without prepayment of the filing fee in a civil action under certain circumstances.  The statute provides, in relevant part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state

2

a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  In short, the "three strikes" provision requires the court to dismiss a civil case when a prisoner seeks to proceed without prepayment of the filing fee if, on three or more previous occasions, a federal court has dismissed the prisoner's action because it was frivolous, malicious, or failed to state a claim upon which relief may be granted.  *Id.*; *see also Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed in forma pauperis pursuant to the provisions of § 1915(g)").

The Court's records reveal that Johnson has filed at least three prior civil actions or appeals which have been dismissed as frivolous and/or for failure to state a claim upon which relief may be granted.  *See Johnson v. Ison, et al.,* No. 2:11-cv-00183 (W.D. Mich. July 15, 2011) (dismissing for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b) and 42 U.S.C. § 1997e(c)); *Johnson v. Harris, et al.,* No. 2:08-cv-13328 (E.D. Mich. Sept. 28, 2009) (adopting the Magistrate Judge's Report and Recommendation that the complaint be summarily dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)); and *Johnson v. Reynolds, et al.*, No. 2:08-cv-13017 (E.D. Mich. Oct. 31, 2008) (dismissing for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)).  For this reason, he is

3

barred from proceeding *in forma pauperis* unless he alleges that he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).  To fall within the statutory exception to the three-strikes rule, a prisoner must allege that "the threat or prison condition is real and proximate[,] and the danger of serious physical injury must exist at the time the complaint is filed." *Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013) (quoting *Rittner v. Kinder,* 290 F. App'x 796, 797 (6th Cir. 2008)).

Here, there is no fact showing that Johnson is in imminent danger of serious physical injury.  Indeed, the entirety of his Amended Complaint is based on alleged prosecutorial misconduct that occurred approximately 18 years ago.  Thus, the Court will deny Johnson's application for leave to proceed without prepayment of the filing fee and dismiss the Amended Complaint without prejudice pursuant to 28 U.S.C. § 1915(g).

Accordingly, **IT IS HEREBY ORDERED** that Johnson's Application to Proceed Without Prepayment of Costs and Fees (ECF No. 14) is **DENIED.**

**IT IS FURTHER ORDERED** that the Amended Complaint (ECF No. 13) is **DISMISSED WITHOUT PREJUDICE**.

4

**IT IS FURTHER ORDERED** that Johnson's Motion to Appoint Counsel (ECF No. 2) and Motion to Review Prisoner's Trust Account Activity (ECF No. 5) are **DENIED AS MOOT**.

**IT IS SO ORDERED**.


/s/ Gershwin Drain_____
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

Dated:  November 16, 2022


CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
November 16, 2022, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager

5